# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

**MARTHA GODIMEZ,** individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

**BAR BROTHERS, INC.**, a Florida corporation,

    Defendant.

## CLASS ACTION COMPLAINT

COMES NOW, the Plaintiff, MARTHA GODIMEZ, on behalf of herself and those similarly situated (hereinafter as "Plaintiff"), by and through the undersigned counsel and hereby brings this action against Defendant, BAR BROTHERS, INC. (hereinafter "Defendant"), for statutory for violations under the Fair and Accurate Credit Transaction Act, 15 U.S.C. §1681c(g) (hereinafter "FACTA"), which was enacted as an amendment to the Fair Credit Reporting Act 15 U.S.C. §1681 *et seq*. (hereinafter "FCRA"), and in support thereof alleges as follows:

### JURISDICTION

1. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331 and §1681 *et seq*.

### VENUE

2. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391 (b) and (c), as the unlawful practices alleged herein took place in Miami-Dade County, Florida, and the Defendant is a Florida corporation who transacts

business in Miami-Dade County, Florida, and the transaction that is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

3. Plaintiff, MARTHA GODIMEZ is an individual residing in the County of Orange, State of Florida, and is a "consumer" as defined by §1681a(c) of the FCRA. Plaintiff seeks to represent a class of consumers as defined by 15 U.S.C. §1681a(c).

4. Plaintiff, on behalf of herself and all other similarly situated customers of Defendant brings this action against Defendant based on the Defendant's practice of violating 15 U.S.C. §1681c(g), a provision of the FACTA.

5. Defendant, BAR BROTHERS, INC., a Florida corporation, is doing business as Purdy Lounge and has its principal place of business at 1811 Purdy Avenue, Miami, Miami-Dade County, Florida where it engages and conducts business and Defendant is considered a "person that accepts credit cards and debit cards for the transaction of business" under FCRA the and is therefore defined as a "person" pursuant to 15 U.S.C §1681c(g).

## BACKGROUND

6. The Fair and Accurate Transaction Act, 15 U.S.C. §1681 c(g) (hereinafter "FACTA"), was enacted in 2003 to aid in the prevention of identity theft and credit/debit card fraud by requiring the secure disposal of consumer information.

7. The FACTA, codified as 15 U.S.C. §1681c(g) provides as follows:

   (g) Truncation of credit card and debit card numbers.
       a.    In general. Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five (5) digits of the card number or the expiration date upon any receipt provided to the cardholder at the

       point of sale or transaction.
       b.    Limitation. This subsection shall apply only to receipts that are electronically printed, and shall not apply to transactions in which the sole means of recording a credit card or debit card account number is by handwriting or by an imprint or copy of the card.
       c.    Effective date. This subsection shall become effective –
          (A)    3 years after the date of enactment of this subsection [enacted December 4, 2003], with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is in use before January 1, 2005; and
          (B)    1 year after the date of enactment of this subsection [enacted December 4, 2003], with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is first put into use on or after January 1, 2005. 15 U.S.C. §1681c(g).

8. The Defendant, despite having several years to bring itself in compliance with FACTA, and having been notified in advance of and after FACTA became law, ignored this law which Congress intended to protect consumers against identity theft and credit/ debit card fraud. Defendant's continued failure to comply with FACTA, thereby improperly subjecting its patrons to identify theft and credit/debit card fraud, demonstrates Defendant's willful violation of §1681c(g) with respect to the Plaintiff and as to those patrons similarly situated.

9. Pursuant to the FACTA, all persons, including the Defendant, was required to come into full compliance with the provisions of the law no later than December 4, 2006.

10. As a result of this willful violation of §1681c(g), Defendant is liable to Plaintiff and those others patrons similarly situated as promulgated by Congress in 15 U.S.C. §1681n which provides as follows:

   (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
   (1)    (A) any actual damages sustained by the consumer as a result of the failure or

> damages of not less than $100 and not more than $1,000; or
> (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;
> (2) such amount of punitive damages as the court may allow; and
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

## COUNT I
## VIOLATION OF THE FAIR AND ACCURATE TRANSACTION ACT, 15 U.S.C. §1681 c(g)

11. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 10 herein.

12. At all times material to this action, Plaintiff, and those other patrons similarly situated, respectively transacted business with the Defendant with a credit or debit card.

13. At the point of sale, Defendant provided Plaintiff, and those other patrons similarly situated, with an electronically printed receipt which displayed, without redaction, the expiration date of said credit or debit card account.

14. The named Plaintiff engaged in a transaction with the Defendant in which Defendant provided Plaintiff with an electronically printed receipt bearing the expiration of Plaintiff's credit/debit card account on March 13, 2011. A copy of the electronically generated receipt which was provided by the Defendant to the Plaintiff is attached hereto as Exhibit "A" and is incorporated herein by reference.[1]

15. Upon information and belief, FACTA's requirements were widely disseminated to merchants by Visa, Inc. and Mastercard Worldwide, operators the worldwide electronic payments networks, the Payment Card Industry Security Standards Council, an independent council originally formed by American Express, Discover Financial

---

[1] The electronically printed receipt contained in Exhibit "A" has been redacted to protect the privacy of the Plaintiff.

Services, JCB, MasterCard Worldwide and Visa International on September 7, 2006, having the objective of managing the ongoing evolution of the Payment Card Industry Data Security Standard and Merchant Services companies that sell point of sale equipment to merchants for the processing of credit and debit card payments. These organizations notified the merchants, including the Defendant, that the FACTA prohibited the printing of more than the last five digits of the credit/debt card number and/or the expiration dates associated with the credit/debit card account and that they were required to comply with the FACTA. In fact, the requirements of the FACTA were widely publicized among merchants.

16. In addition, VISA and Mastercard are so determined to curb identify theft in connection with the use of credit and debit cards at the point of sale, that both companies impose in their agreements with their Merchants, including the Defendant, the following penalties for failing to truncate credit card information:

> 1st Violation -         $ 5,000.
> 2nd Violation -       $10,000.
> 3rd Violation -       $25,000.
> 4th Violation -       $50,000.
> Willful or Egregious Violation - $500,000 / month.

17. Upon information and belief, FACTA's requirements were directly disseminated to merchants by their merchant processing company in the form of written notices, written warnings pertaining to FACTA and alerts on monthly statements delivered to the Defendant by United States mail and/or by electronic mail. The disregard of these notices by the Defendant constitutes a willful violation under FACTA.

18. Despite having direct notice of the requirements of the FACTA, Defendant chose to ignore such notice and disregarded the provisions of the FACTA and continued to

provide to the Plaintiff, and those other patrons similarly situated, electronically printed receipts which contained the expiration date of the credit/debit account which was prohibited by the FACTA.

19. Defendant continued to provide such prohibited receipts well after the date the FACTA became effective.

20. The foregoing acts and omissions of Defendant, despite first having actual and constructive notice of the FACTA requirements, constitute willful violations of the FACTA and thereby exposed Plaintiff, and those other patrons similarly situated to identity theft and the credit/debit fraud that the Act was specifically enacted to prevent.

21. Defendant's violations as stated herein, were not an isolated incident or an accidental oversight. Defendant chose to ignore the new account concealment requirements on electronically printed receipts at the point of sale, because Defendant did not wish to incur the additional expense of reprogramming or upgrading its point-of-sale equipment.

22. As a result of Defendant's FACTA violations, Plaintiff, and those other patrons similarly situated, have suffered costs and expenses as well as actual damages and are thus entitled to an award of actual damages pursuant to 15 U.S.C. §1681 *et seq*., statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A) in the amount of not less than $100 and not more than $1,000.00 for each violation by Defendant, punitive damages as a result of Defendant's willful violations of the FACTA, and reasonable attorneys fees and costs from Defendant.

23. Plaintiff, on behalf of herself and all other similarly situated customers suffered actual harm as they were exposed to an increased risk of identity theft by means of Defendant's acts or omissions. Plaintiff, however, does not seek to quantify or recover actual

damages in this case, for either themselves or Class Members as the actual damage are too difficult to quantify.  As a result, Plaintiff and all other similarly situated customers of the Defendant demand an award of statutory damages resulting from the violations described in this Complaint.  Class members with actual damages exceeding the statutory damages will be entitled to opt out of this action, so, should they desire, and litigate their claims independently.

## CLASS ALLEGATIONS

24. Plaintiff brings this action both individually and as a Class Action pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

25. <u>Class Definition</u>:  Plaintiff seek to represent a class of Defendant's customers, (the "Class"), which Plaintiff reserves the right to amend upon the completion of discovery, as follows:

> All customers residing in the United States, who, on or after June 3, 2008, transacted business with the Defendant using a credit card or debit card and who were provided by Defendant with an electronically printed receipt which included the expiration date of the customer's credit card or debit card account number.

    Excluded from the Class is the Defendant, any parent, subsidiary and/or affiliated entity of the Defendant, Defendant's directors, officers, and members of their immediate families.

26. There is a well-defined community of interest in the litigation.  The members of the proposed Class, can be ascertained from Defendant's records and/or from information readily accessible to Defendant.  Since Defendant was the provider of the subject electronically printed receipts, the information is exclusively within the control of the Defendant.  Notice may be sent to Class members by email, website notice, publication in

newspapers and periodicals, or by other methods suitable to Class and deemed appropriate by this Court. Defendant has contact information for each and every member of the Class as it has each Class member's credit/debit card account number.

27. <u>Numerosity</u>. The members of the Class are so numerous it would be impractical to not join each individual member in the Class into this one action. The disposition of the individual claims of the respective class members in this Class Action will benefit both the parties and the Court through the efficient use of limited Court resources.

28. Plaintiff, upon information and belief, calculate that there are hundreds, if not thousands of members in the Class herein described.

29. <u>Adequacy of Representation</u>. Plaintiff, herself, and through his undersigned attorney, will adequately, fairly and vigorously represent and protect the Class and the prosecution of the actions by individual members of the Class and the prosecution of distinct and separate actions by the individual members of the Class would create the risk of (a) inconsistent or varying adjudications with respect to individual members of the Class which would create irreconcilable standards of conduct for the Defendant; and/or (b) adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members who are not parties to the adjudications or substantially impair or impede their ability to protect their interests.

30. <u>Commonality</u>. Common questions of law and fact exist that affect all of the Class members, which predominate over questions that may affect individual Plaintiffs and include:

   a. whether Defendant's conduct in providing electronically printed receipts contained prohibited account information on Plaintiff's and the Class

        members' receipts violated the FACTA;

  b.  whether Defendant's conduct, if violative of the FACTA, was willful under applicable legal standards;

  c.  whether Plaintiff and other members of the Class are entitled to recover statutory damages of a minimum of $100 and a maximum of $1,000 per violation, plus attorney's fees and costs for Defendant's violation of the FACTA.

31. <u>Typicality</u>.  The claims of Plaintiff are typical of the claims of the other members of the Class, and Plaintiff does not have any interest that conflicts with the interest of the Class members.  Plaintiff and the other Class members were victims of the same unlawful and willful conduct.  The claim of the Plaintiff and other Class members are based upon the same legal theories.

32. Plaintiff will fairly and adequately protect the interests of the other members of the Class.  Plaintiff is committed to prosecuting this Class Action and have retained experienced counsel to assist in the adjudication of this matter.

33. <u>Superiority</u>.  Plaintiff does not anticipate any difficulty in the management of this action as a Class Action.  The Class Action form is superior to other available methods for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is impracticable.  Class Action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would entail.  As the losses, injuries and damages suffered by each of the individual Class members is small in the context that this is

pertinent to the class action analysis, the expenses and burden of individual litigation would make it economically infeasible to procedurally impracticable for the individual Class members to individually seek remedies for the Defendant's violations of the FACTA.  On the other hand, important public interests, including the deterrence of unlawful conduct and the prevention of identity theft, a significant social cost that all consumers are forced to share in, will be served by adjudicating the matter as a class action.  The economic impact on the Court system for the adjudication of individual claims of the Class members would be far more substantial than if the claims are adjudicated in this Class Action.  The public interest in protecting the rights of consumers favors disposition of the controversy in class action form.  Plaintiff is informed and believes that the individual Class members have no interest in controlling the prosecution of separate actions.  Plaintiff is unaware of any other litigation concerning the instant controversy already commenced by or against members of the Class.

## JURY TRIAL DEMAND

34. Plaintiffs request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, individually, and on behalf of those others similarly situated, prays that this Court enter the following relief against the Defendant:

(a) Class certification;

(b) That Plaintiff be designated as the Class Representative and that Plaintiff's attorneys of record be designated as Class Counsel;

(c) Statutory Damages pursuant to 15 U.S.C. §1681n(a) be awarded for each willful

      violation as alleged herein;

(d)     Punitive Damages under 15 U.S.C. §1681n;

(e)     Attorneys' fees, litigation expenses and costs pursuant to 15 U.S.C. §1681n(a)(3);

(f)     Interest as permitted by law; and

(g)     Such other and further relief including as the Court deems equitable and just under the circumstances.

DATED: May 2, 2011

      MILITZOK & LEVY, P.A.
*Attorneys for Plaintiff*
The Yankee Clipper Law Center
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
(954) 727-8570 - Telephone
(954) 241-6857 – Facsimile
bjm@mllawfl.com

By: /s/ Brian Militzok
BRIAN J. MILITZOK, ESQ
Fla. Bar No.: 0069993